## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **JULIE BEBERMAN,** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| v. ) | **Civil Action No. 2014-020** |
| ) | |
| **U.S. DEPARTMENT OF STATE and** ) | |
| **SECRETARY OF STATE JOHN KERRY, IN** ) | |
| **HIS OFFICIAL CAPACITY,** ) | |
| ) | |
| **Defendants**. ) | |

**Attorneys:**
**Julie Beberman, Esq.,**
Alexandria, VA
    *Pro se*

**Joycelyn Hewlett, Esq.,**
St. Thomas, U.S.V.I.
    *For the Defendants*

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's "Motion to File, Under Seal, Grounds for Requesting to Seal Portions of Response to Order to Show Cause and Entirety of the Motion for Temporary Restraining Order or Preliminary Injunction on Privacy Act Claim." (Dkt. No. 19).

In ruling on Plaintiff's previous Motion to File Motion for Temporary Restraining Order or Preliminary Injunction on Privacy Act Claim Under Seal (Dkt. No. 9) and "Motion to Respond to Order to Show Cause Under Seal" (Dkt. No. 14), the Court entered a Memorandum Opinion and Order on May 21, 2014, setting forth the legal standard a movant must meet to warrant the sealing of a document. (Dkt. No. 18). Specifically, the Court wrote that the movant

must show that a "clearly defined and serious injury" would occur if the information were disclosed, and that sealing is "essential to preserve higher values and is narrowly tailored to serve [those values]." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (quoting *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.,* 104 S. Ct. 819, 824 (1984)). Because Plaintiff made no showing regarding the nature of the information that she seeks to seal, the reason sealing is essential, the harm she would suffer in the absence of sealing, or that the request to seal was narrowly tailored, the Court concluded that Plaintiff had not met her burden. (Dkt. No. 18).

Plaintiff now seeks permission to file, under seal, the basis for her requests to file her motions under seal, and further urges the Court to order Defendants' opposition and any reply to be sealed as well.  Apparently undaunted by the Court's earlier ruling, Plaintiff again ignores the legal standard for sealing and offers nothing by way of support to overcome the presumption of openness.  Instead, claiming that she "cannot meet her heavy burden of indicating the nature of the 'private' information that she seeks to protect without revealing that information," (Dkt. No. 19 at 2), Plaintiff cites *Publicker* for the proposition that the Court should conduct an *in camera* review of her justification for sealing, to determine whether to grant her motions to seal.  (Dkt. No. 19 at 2).

In order to obtain an *in camera* review a party must make a threshold showing of some factual basis adequate to support the need for such review.  *United States v. Zolin*, 109 S. Ct. 2619, 2631 (1989) (applying threshold in attorney-client privilege context); *Kerr v. U. S. Dist. Court for N. Dist. of California*, 96 S. Ct. 2119, 2120 (1976) (request for *in camera* review requires a showing of specific basis for request).  After such showing has been made, the "decision whether to engage in *in camera* review rests in the sound discretion of the district

court." *Id.* 109 S. Ct. at 2631.

Plaintiff has failed to make any threshold showing in her instant Motion to warrant an *in camera* review.  As "dicey" as the question may be, the Court simply rejects the notion that it is impossible for Plaintiff to provide *any* information regarding the nature of the information that she seeks to protect and the harm that she would suffer if the information is disclosed without revealing the information itself. (Dkt. No. 19 at 1–2).

Plaintff has already acknowledged that "some of the facts and arguments that Beberman intends to make in response to the Order to Show Cause do not implicate the Privacy Act . . . ." (Dkt. No. 14 at 1 n.1).  If in briefing the venue issue accordingly, Plaintiff presents a sufficient basis for sealing or *in camera* review of additional information, the Court will entertain Plaintiff's request at that time.

**UPON  CONSIDERATION** of Plaintiff's "Motion to File, Under Seal, Grounds for Requesting to Seal Portions of Response to Order to Show Cause and Entirety of the Motion for Temporary Restraining Order or Preliminary Injunction on Privacy Act Claim," it is hereby

**ORDERED** that Plaintiff's Motion is **DENIED**; and it is further

**ORDERED** that Plaintiff shall have up to and including **May 30, 2014** to show cause why venue is proper in this case; and it is further

**ORDERED** that Defendants shall have up to and including **June 6, 2014** to file any response; and it is further

**ORDERED** that Plaintiff shall have up to and including **June 12, 2014** to file any reply.

**SO ORDERED**.

Date: May 24, 2014

_____/s/_____
WILMA A. LEWIS
Chief Judge