DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JULIE BEBERMAN,                       )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      Civil Action No. 2014-0020
                                       )
U.S. DEPARTMENT OF STATE and           )
SECRETARY OF STATE JOHN KERRY,         )
IN HIS OFFICIAL CAPACITY,              )
                                       )
            Defendants.                )
_____)

**Attorneys:**
**Julie Beberman, Esq.,**
Alexandria, VA
    *Pro se*

**Joycelyn Hewlett, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the "Emergency Motion to Hold in Abeyance Issuance of Travel Orders or for Emergency Relief" (Dkt. No. 77) and the "Motion to Supplement Emergency Motion" (Dkt. No. 78), both of which were filed on March 30, 2016 by Plaintiff Julie Beberman (Beberman), and the "Second Motion to Supplement Emergency Motion" (Dkt. No. 80), filed on March 31, 2016 by Beberman.

In her Emergency Motion, Beberman asked the Court to require that Defendants await a decision on the Motion for Reconsideration that she field on March 29, 2016 before issuing her travel orders to leave Equatorial Guinea. (Dkt. No. 77). In the "Motion to Supplement Emergency Motion," Beberman informed the Court that she had been told that her travel orders would issue on March 31, 2016, and that she would be required to pack beginning on Friday, April 1, 2016,

and depart Equatorial Guinea by early the next week. She asked that the Court rule on the Motion to Reconsider before she was required to pack. (Dkt. No. 78).

Beberman's Second Motion to Supplement her Emergency Motion (the "Second Motion") seeks broader relief than the original Motion that it supplements. In the Second Motion, Beberman first asserts that she has received her travel orders and was directed to "packout" on April 1, 2016, although her supervisor told her the packout would begin on Monday, April 4, 2016. (Dkt. No. 80). Beberman then claims irreparable harm in having to pack up her household belongings, and further claims that she will be involved with packing and will not have an opportunity to file a Reply to Defendants' Opposition to her Motion to Reconsider. She also states that, if she loses her Motion to Reconsider, she will seek to file an appeal and an injunction pending appeal—but if she has to spend time packing she "will not have an opportunity to exercise her legal rights." She therefore requests that the Court

> grant her motion to hold her travel orders in abeyance, and grant further emergency relief, of continuing that reprieve for at least three days, should the Court deny her motion to reconsider, so that she can perfect her appeal and move for an injunction pending appeal.

*Id.*

On April 4, 2016, the Court entered a Memorandum Opinion and Order denying Beberman's Motion to Reconsider, and denying as moot her Motion for an Opportunity to Reply. (Dkt. Nos. 84, 85).

Because Beberman represented that she received her travel orders prior to the Court's ruling on her Motion for Reconsideration, Beberman's Emergency Motion—which is predicated on waiting until the Court ruled on her Motion for Reconsideration before entering travel orders—is moot and will be denied as moot. The Motion to Supplement Emergency Motion requested that the Court rule on her Motion for Reconsideration before she was required to pack. Because

Beberman represented that she will be required to pack before the Court ruled on her Motion for Reconsideration, the Court will also deny the Motion to Supplement Emergency Motion as moot.

With regard to the Second Motion, although filed before the Court ruled on the Motion for Reconsideration, Beberman anticipated that the Court might deny that latter motion and asked the Court to hold the travel orders in abeyance for "at least three days" so that she could perfect an appeal and move for an injunction pending appeal. The Court construes the Second Motion as a motion to stay the travel orders pending appeal of this Court's denial of Beberman's Motion for injunctive relief. In effect, it is a request to stay this Court's denial of Beberman's request for injunctive relief pending appeal.

Federal Rule of Civil Procedure 62(c) governs stays of the denial of a preliminary injunction pending appeal.[1] To grant such a motion, a court must examine: (1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Charles Alan Wright, Arthur R. Miller, et al., 11 Fed. Prac. & Proc. Civ. § 2904 (3d ed. 2015) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction.'" *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of HHS*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013).

Stays are "rarely granted" in the Third Circuit, because "in our Court the bar is set particularly high. Indeed, we have said that an 'injunction shall issue only if the plaintiff produces

---

[1] Rule 62(c), entitled "Injunction Pending Appeal," "authorizes the trial court to suspend, modify, restore, or grant an injunction during the pendency of an appeal in injunction cases." Charles Alan Wright, Arthur R. Miller, et al., 11 Fed. Prac. & Proc. Civ.. § 2904 (3d ed. 2015).

3

evidence sufficient to convince the district court that all four factors favor preliminary relief.'" *Id.* at *1 (quoting *N.J. Hosp. Ass'n v. Waldman,* 73 F.3d 509, 512 (3d Cir. 1995)).

For all the reasons set forth in the Memorandum Opinions and Orders denying Beberman's Motion for a Temporary Restraining Order or Preliminary Injunction, and denying her Motion to Reconsider Denial of TRO and Preliminary Injunction, which are incorporated herein by reference, Beberman's Second Motion seeking a stay of the travel orders will be denied.

Accordingly, it is hereby

**ORDERED** that Plaintiff's "Emergency Motion to Hold in Abeyance Issuance of Travel Orders or for Emergency Relief" (Dkt. No. 77) is **DENIED AS MOOT**; and it is further

**ORDERED** that Plaintiff's "Motion to Supplement Emergency Motion" (Dkt. No. 78), is **DENIED AS MOOT**; and it is further

**ORDERED** that Plaintiff's "Second Motion to Supplement Emergency Motion" (Dkt. No. 80), is **DENIED**.

**SO ORDERED**.

Date: April 4, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge