DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JULIE BEBERMAN, | ) |
| | ) |
|       **Plaintiff**, | ) |
| | ) |
|       v. | )    Civil Action No. 2014-0020 |
| | ) |
| U.S. DEPARTMENT OF STATE and | ) |
| SECRETARY OF STATE JOHN KERRY, | ) |
| IN HIS OFFICIAL CAPACITY, | ) |
| | ) |
|       **Defendants.** | ) |
| | ) |

**Attorneys:**
**Julie Beberman, Esq.,**
Dulles, VA
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Joycelyn Hewlett, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendants' "Motion to Transfer for Improper Venue or, in the Alternative, Pursuant to 28 U.S.C. § 1404(a)." (Dkt. No. 36). For the reasons discussed below, the Court will deny Defendants' Motion.[1]

---

[1] On April 4, 2016, Plaintiff appealed two of the Court's orders. (Dkt. No. 87 at 1). Specifically, Plaintiff appeals from (1) the Court's Order and accompanying Memorandum Opinion entered on March 24, 2016, denying Plaintiff's "Motion for Temporary Restraining Order or Preliminary Injunction" (Dkt. No. 56), and (2) the Court's Order and accompanying Memorandum Opinion entered on April 4, 2016, denying Plaintiff's "Motion to Reconsider Denial of TRO and Preliminary Injunction" (Dkt. No. 76). Although the filing of an appeal generally divests a district court of jurisdiction, the Orders from which Plaintiff appeals in this matter are unrelated to the issue of venue. Accordingly, the Court retains jurisdiction over the instant venue Motion. *See Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (noting that generally the "filing of a notice of

## I. BACKGROUND

In May 2014, Plaintiff Julie Beberman filed a Complaint in the District Court of the Virgin Islands ("this District"). The Complaint named the U.S. Department of State and Secretary of State John Kerry in his Official Capacity as defendants, and alleged gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16, age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 633a, and a claim pursuant to the Privacy Act of 1974, 5 U.S.C. § 522a(g)(1)(D). (Dkt. No. 1). The Complaint also noted that Plaintiff "will seek to amend this Complaint to allege a tort claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. [("FTCA")] after she has exhausted her administrative remedies." (Dkt. No. 1 at ¶ 1). Plaintiff subsequently filed a First Amended Complaint ("Amended Complaint") in which, *inter alia*, she withdrew her Title VII gender discrimination claim. (Dkt. No. 21).[2] The parties later stipulated to the dismissal of the Privacy Act claim set forth in the Amended Complaint, which the Court accepted. (Dkt. Nos. 35, 38). In her Amended Complaint, Plaintiff alleges that her Supervisor, Visa Chief Eric Cohan, discriminated against her in violation of the ADEA while she was stationed in Caracas, Venezuela in 2012. (Dkt. No. 21 at ¶¶ 95-98).[3]

---

appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over *those aspects of the case involved in the appeal*") (emphasis added); *see also Abulkhair v. President of the United States*, 490 F. App'x 458, 459 (3d Cir. 2013).

[2] The Amended Complaint retains the statement that Plaintiff will seek to add an FTCA claim "after she has exhausted her administrative remedies." (Dkt. No. 21 at ¶ 1).

[3] As noted earlier, Plaintiff's Amended Complaint does not contain a cause of action under Title VII. (Dkt. No. 21). Further, as discussed below, Plaintiff has represented that she is not seeking relief for discrimination under Title VII (Dkt. No. 27 at 5), and that the Title VII venue provisions do not, therefore, apply to this matter (Dkt. No. 40 at 2). Accordingly, notwithstanding that the Amended Complaint contains allegations of sex discrimination, the Court views this case as brought pursuant to the ADEA.

Defendants first argue that Plaintiff's Amended Complaint must be transferred pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. (Dkt. No. 36 at 1). Specifically, Defendants argue that venue is improper in this District because Plaintiff "cannot satisfy Title VII's venue requirements." (Dkt. No. 37 at 7). Although Defendants acknowledge that Plaintiff removed "all *citations* to Title VII" in her Amended Complaint, they argue that Title VII's venue requirements still apply because her "Amended Complaint is rife with allegations of discrimination based on gender." (*Id.* at 5 (emphasis in original)).

In the alternative, Defendants argue that even if the Court concludes that venue in this District is proper, it should still use its discretionary powers under 28 U.S.C. § 1404(a) to transfer the case to the District of Columbia based on the convenience of the parties and witnesses and in the interests of justice. (*Id.* at 9-10). Defendants contend that "the Virgin Islands has no connection to Plaintiff's First Amended Complaint other than the fact that Plaintiff contends that she is domiciled there." (*Id.* at 12). Specifically, Defendants assert that (as of the filing of the Motion to Transfer) Plaintiff lives and works in or near the District of Columbia. (*Id.*). Defendants further assert that all of the alleged discriminatory acts occurred in Venezuela; neither of the two witnesses named in the Amended Complaint have any connection with the Virgin Islands; and the employment records of Plaintiff and the two witnesses are located in Washington, D.C. (*Id.* at 13).

In her Opposition, Plaintiff asserts that venue is proper in the Virgin Islands because the general forum provision applicable to the ADEA controls and she satisfies this provision by being domiciled in the Virgin Islands. (Dkt. No. 27 at 5). Plaintiff contends that "[b]ecause [she] is not pursuing relief under Title VII, the venue provisions of Title VII do not control." (Dkt. No. 40 at 2).

3

In response to Defendants' alternative argument, Plaintiff asserts that the Court should not use its discretionary powers under 28 U.S.C. § 1404(a) to transfer the case to the District of Columbia in part because she is domiciled in the Virgin Islands and a plaintiff's choice to bring suit in his or her "home turf" should be accorded "paramount consideration." (Dkt. No. 43 at 2). Plaintiff further asserts that transfer is improper because her claim does not arise from the District of Columbia (*id.* at 5); that maintaining the case in the Virgin Islands will not inconvenience Defendants (*id.* at 8); that neither of the two witnesses are located near the District of Columbia (*id.* at 9); and that any documents located in the District of Columbia are either irrelevant or could easily be transferred to the Virgin Islands (*id.* at 10-11).

As discussed below, the Court finds that venue is proper in this District and will decline to use its discretionary powers to transfer this action to the District of Columbia.

## II. DISCUSSION

### A. Applicable Legal Principles

Pursuant to 28 U.S.C. § 1406(a), if a case is filed "laying venue in the wrong division or district," then the district court shall either dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Determining whether venue is improper depends in part on the type of action being brought. For example, the proper venue for actions brought under Title VII of the Civil Rights Act is determined by 42 U.S.C. § 2000e-5(f)(e). *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587 (9th Cir. 1991) (holding proper venue for actions brought under Title VII must be determined by 42 U.S.C. § 2000e-5(f)(e)). However, if the applicable statute does not contain a specific venue provision, then the general venue statute at 28 U.S.C. § 1391 applies. *Rebar v. Marsh*, 959 F.2d 216, 219 (11th Cir. 1992) ("[W]e hold that the general venue provisions for

4

federal employee actions against the Government [located at 28 U.S.C. § 1391(e)] control unless the act creating the cause of action provides otherwise.").

The ADEA does not contain a specific venue provision and, therefore, ADEA claims are governed by the general venue provision of 28 U.S.C. § 1391(e). *Id.* at 218-19; *see also Tucker v. U.S. Dep't of Army*, 42 F.3d 641 (5th Cir. 1994) ("The Age Discrimination in Employment Act has no comparable special venue provision; therefore the general federal venue statute, 28 U.S.C. § 1391, applies."). Pursuant to § 1391, in a suit in which the defendant is an officer or employee of the United States or an agency of the United States, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). A person is deemed to reside in his or her place of domicile. § 1391(c)(1).

Even if venue is proper, under some circumstances a district court may still transfer the action to a different forum pursuant to 28 U.S.C. § 1404. Specifically, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). With regard to the convenience of the parties, the convenience of the witnesses, and in the interest of justice, the Third Circuit has noted the following factors that "may be relevant to transfer of venue" under section 1404(a):

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) "convenience of the parties as indicated by their relative physical and financial conditions"; (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; (6) the location of books and records [(similarly limited to the extent that the files could not be produced in the alternative forum)]; (7) the enforceability of the judgment; (8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) "the local interest in deciding local

controversies at home"; (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law.

*In re Amendt*, 169 F. App'x 93, 96 (3d Cir. 2006) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)).

Because weighing these various factors requires a "flexible and individualized" analysis, "district court[s] [have] broad discretion in deciding a motion for transfer of venue." *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 458-59 (E.D. Pa. 2013) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). However, the Third Circuit has noted that "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (quoting *Ungrund v. Cunningham Brothers, Inc.*, 300 F. Supp. 270, 272 (S.D. Ill. 1969)) (quotations and ellipsis omitted). "The burden is on the moving party to establish that a balancing of proper interests weigh[s] in favor of the transfer . . . [and] unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Id.* (quoting *Owatonna Mfg. Co. v. Melroe Co.*, 301 F. Supp. 1296, 1307 (D. Minn. 1969)) (quotations omitted).

    **B.    Analysis**

        **1.    Improper Venue**

The Court first considers whether this District is a proper venue for the instant action. Based on the general venue provisions in 28 U.S.C. § 1391 which apply to this action, the Court concludes that venue in this District is proper.

Defendants rest their argument that venue in this District is improper on the premise that the venue requirements of Title VII set forth in 42 U.S.C. § 2000e-5(f)(3) apply. (Dkt. No. 37 at 5-8). Defendants contend that Title VII's venue requirements are applicable because the Amended

6

Complaint is "rife with allegations" of gender discrimination, and "unless Plaintiff further amends her First Amended Complaint to delete all allegations of gender discrimination, she must satisfy Title VII's venue requirements." (*Id.* at 5-6). The Court does not agree that Title VII's venue requirements apply.

Although Defendants accurately note that there are several allegations of gender discrimination in the Amended Complaint, it is undisputed that Plaintiff withdrew her Title VII Count in that Complaint. (Dkt. No. 21). In addition, Plaintiff has represented to the Court that "[s]he does not allege that she was discriminated against in violation of Title VII of the Civil Rights Act of 1964." (Dkt. No. 27 at 5).[4] Based on Plaintiff's withdrawal of her Title VII claim and Plaintiff's representations in her Response to Order to Show Cause regarding proper venue (*id.*), the Court understands and accepts that Plaintiff is not proceeding, or seeking relief, under Title VII. Defendants cite no authority for the proposition that, under the circumstances here, the Court should nonetheless conclude from references to gender discrimination in the Amended Complaint that the venue provisions of Title VII govern. Accordingly, the Court will not apply Title VII's venue requirements in this matter. *Cf. Rebar*, 959 F.2d at 216 (rejecting Government's argument that "the venue provision of Title VII of the Civil Rights Act should be read into the [ADEA]").

Because, as noted earlier, the general venue provision governs actions under the ADEA, the Court turns to 28 U.S.C. § 1391(e), and concludes that venue is proper in this District. In a suit in which the defendant is an officer or employee of a United States agency, venue is proper, under § 1391(e), in any judicial district in which, *inter alia*, "the plaintiff resides if no real property is

---

[4] It is also worthy of mention that in Plaintiff's Motion of Reconsideration of this Court's denial of her request for injunctive relief, Plaintiff maintained that, if she prevails, she would not be entitled to compensatory damages—as under Title VII—but only to equitable relief under the ADEA. (*See* Dkt. No. 76 at 1-2).

7

involved in the action." 28 U.S.C. § 1391(e). "[A] natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." § 1391(c)(1).

Here, Defendants concede that no real property is involved, so Plaintiff's place of domicile is controlling. (Dkt. No. 37 at 9). Domicile is a person's "true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)) (quotations omitted). In determining one's domicile, courts consider such factors as the "exercise of political rights, payment of personal taxes, house of residence, and place of business. Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *Id.* (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972)) (internal citations and quotations omitted).

In the Amended Complaint, Plaintiff alleges that she is domiciled in the Virgin Islands. (Dkt. No. 21 at ¶ 4). In support of this contention, Plaintiff asserts that she has consistently filed her taxes in the Virgin Islands; is the sole owner of a Virgin Islands limited liability company; "has a Virgin Islands license"; has "[a]ll of [her] personal and business vehicles . . . registered in the Virgin Islands"; "is registered to vote only in the Virgin Islands and has voted by absentee ballot"; has a Virgin Islands cell phone number; and "intends to return to St. Croix[, Virgin Islands]" after her career at the State Department concludes. (*Id.* at 3-5). Defendants present no argument to the contrary. (Dkt. No. 37 at 9 (". . . Plaintiff contends that she is domiciled in the Virgin Islands. Thus, the Court may find that venue is proper in this District.")). Given Plaintiff's uncontested assertions, the Court concludes that she is domiciled in the Virgin Islands. *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 (3d Cir. 2012) (noting that under a Rule 12(b)(3) motion

8

to dismiss for improper venue, a court is to "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits"). Accordingly, under § 1391(e), venue properly lies in this District.

### 2. *Forum Non Conveniens* under 28 U.S.C. § 1404(a)

The Court next considers whether it should transfer the action to the District of Columbia pursuant to 28 U.S.C. § 1404(a).

As a preliminary manner, the Court recognizes that Plaintiff's choice of forum is entitled to substantial deference. As noted by the Third Circuit in *Shutte*, "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration . . . [that] should not be lightly disturbed." 431 F.2d at 25 (quoting *Ungrund*, 300 F. Supp. at 272) (quotations omitted). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Id.* (quoting *Owatonna Mfg. Co.*, 301 F. Supp. at 1307) (quotations omitted); *see also Austin v. Johns-Manville Corp.*, 524 F. Supp. 1166, 1169 (E.D. Pa. 1981) ("Unless defendants make an affirmative showing of oppressiveness, plaintiffs' choice [of forum] is not to be examined.").

Here, Plaintiff's chosen forum—the Virgin Islands—is legitimized by the fact that she is domiciled here. *See* 28 U.S.C. § 1391(c)(1), (e) (in a suit against an officer or employee of a United States agency, venue is proper in a judicial district in which, *inter alia*, the plaintiff is domiciled). Further, Defendants point to no improper tactical advantage that Plaintiff would gain by litigating the case in the Virgin Islands. Accordingly, "unless the balance of convenience of the parties is strongly in favor of [D]efendant[s], [Plaintiff's] choice of forum should prevail." *Shutte*, 431 F.2d at 25 (quoting *Owatonna Mfg. Co.*, 301 F. Supp. at 1307) (quotations omitted).

### a. *Jumara* Factors

An examination of the factors set forth by the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d at 879-80, reveals that Defendants have failed to meet their burden of showing that the balance of convenience "is strongly in favor" of Defendants, *Shutte*, 431 F.2d at 25 (quoting *Owatonna Mfg. Co.*, 301 F. Supp. at 1307) (quotations omitted). Thus, transfer is unwarranted.

First, as discussed above, Plaintiff's choice of forum is "a paramount consideration." *Id.* Thus, this factor weighs strongly against transfer.

Second, Defendants' choice of forum—when considered in isolation—points toward transfer. However, when juxtaposed against a plaintiff's choice, a "[d]efendant's preference is entitled to considerably less weight than [the] [p]laintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *Alcantarilla v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 8785007, at *8 (W.D. Pa. Dec. 15, 2015) (quoting *EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003)) (quotations omitted). Thus, under the circumstances here, this factor does not favor a transfer away from Plaintiff's choice of this District.

Third, with regard to where the claims arose, the parties agree that they occurred in Venezuela. (Dkt. No. 37 at 13; Dkt. No. 43 at 5). Given that the claims arose neither in the Virgin Islands nor the District of Columbia, this factor is neutral. *See Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1057-58 (E.D. Pa. 2001) (noting that neither Pennsylvania nor New Jersey had greater contacts with the litigation in part because the claim arose from an accident "that occurred in the navigable waters of the Chesapeake Bay near Baltimore, Maryland"). This factor does not, therefore, contribute to tilting the balance in favor of transfer so as to disturb Plaintiff's choice of forum.

Fourth, in examining the convenience of the parties as indicated by their physical and financial condition, the Court finds that Defendants have failed to establish how they would be inconvenienced by litigating in this District. "A moving party must prove *with particularity* the reasons why it is inconvenienced by plaintiff's choice of forum." *Jacobson v. Heuristics, Inc.*, 1990 WL 33926, at *1 (E.D. Pa. Mar. 23, 1990) (emphasis in original). As Plaintiff notes, Defendants are represented by the United States Attorney's Office, which has an office on St. Croix, Virgin Islands. (Dkt. No. 43 at 8). Thus, as a practical matter, Defendants would face only minimal—if any—inconvenience by litigating in this District. *See Collins v. United States*, 2012 WL 72484, at *2 (E.D. Pa. Jan. 10, 2012) (noting that where the plaintiff sued the United States under the FTCA, the plaintiff would presumably spend less money litigating closer to her hometown whereas "the Government would be minimally inconvenienced having to prosecute this matter in the Eastern District of Pennsylvania as opposed to the Southern District of Florida").[5]

Defendants further argue that because Plaintiff lives and works in the District of Columbia (at least as of the time of the Original Complaint), it would be "less expense and more convenient for Plaintiff" if the action was transferred to the District of Columbia. (Dkt. No. 37 at 13 n.1). Even if this assertion were true, however, it would not help Defendants meet their burden of showing how litigating in this District inconveniences *them*. *Austin*, 524 F. Supp. at 1169 (defendants moving for transfer "must prove with particularity the reasons why they are inconvenienced"). As the district court noted in *Austin*, "plaintiffs have the option of choosing an inconvenient forum in order to obtain certain counsel or for other reasons. Unless defendants make an affirmative showing of oppressiveness, plaintiffs' choice is not to be examined." *Id.*

---

[5] While Defendants note that John Kerry resides in the District of Columbia (Dkt. No. 37 at 13), the significance of this fact for purposes of this analysis remains unexplained.

11

Similar to the plaintiffs in *Austin*, Plaintiff here argues that this District is more convenient for her in part because, if she decides to retain counsel, it would be "easier and less expensive" for her to obtain counsel in the Virgin Islands given that she is admitted to practice in the Virgin Islands and is connected to the community. (Dkt. No. 43 at 7-8).[6] Given this proffer and the failure of Defendants to specifically set forth how venue in this District will inconvenience them, the Court finds that this factor—the convenience of the parties as indicated by their physical and financial condition—weighs against transfer.

Fifth, turning to the convenience of the witnesses, the Court concludes that this factor is neutral, and does not, therefore, contribute to tilting the balance in favor of transfer. The parties agree that the two witnesses listed in the Amended Complaint, Eric Cohan and Dale Rumbarger, do not reside in or have any connection to the Virgin Islands. (Dkt. No. 37 at 13; Dkt. No. 43 at 9). Mr. Cohan is currently working in Venezuela, and Mr. Rumbarger is retired and lives "in the continental United States." (Dkt. No. 37).[7] However, as the Third Circuit noted in *Jumara*, the convenience of the witnesses is only a factor "to the extent that the witnesses may actually by unavailable for trial in one of the fora." 55 F.3d at 879. Defendants never suggest that either witness would be unavailable for trial in the Virgin Islands. Indeed, Defendants fail even to argue that venue in this District would be less convenient for either witness than venue in the District of Columbia. Accordingly, the Court finds that this factor does not favor transfer. *See SI Power LLC*

---

[6] Plaintiff also argues that it will be less expensive for her to travel to St. Croix as opposed to the District of Columbia when she is working in Malabo, Equatorial Guinea. (Dkt. No. 43 at 6-7). However, because it is unclear if Plaintiff will continue working in Equatorial Guinea or where else she may be assigned to work, the Court does not rely on this argument for its finding.

[7] Plaintiff asserts that Mr. Rumbarger lives in Florida. (Dkt. No. 43 at 9). While Defendants never specify Mr. Rumbarger's residence other than to say that he lives in the "continental United States," the relevant fact for the Court's analysis, as discussed below, is that Defendants have not established that Mr. Rumbarger would be unavailable for trial in the Virgin Islands.

*v. Pathway Holdings, Mgmt. V, LLC*, 2016 WL 1260484, at *9 (D.N.J. Mar. 31, 2016) ("Nothing in the record confirms that any witnesses would be unable or unwilling to travel to either this District or the Southern District of California, which is the sole relevant consideration for this factor under *Jumara*, 55 F.3d at 879 . . . . The Court therefore finds that this factor is neutral to the transfer analysis.").

Sixth, the Court similarly finds that the location of documents and records is a neutral factor. Defendants argue that the employment records of Plaintiff and the two witnesses are all located in the District of Columbia. (Dkt. No. 37 at 13). Plaintiff counters that none of the employment records in the District of Columbia are relevant to her case and, even if some of the records were relevant, such documents could easily be transferred to the Virgin Islands. (Dkt. No. 43 at 10-11).

Plaintiff's argument carries considerable force. In particular, Defendants have failed to explain why, with modern technology, any relevant employment documents located in the District of Columbia could not be transferred to the Virgin Islands. The absence of any explanation by Defendants in that regard is fatal, because the importance of this factor is "limited to the extent that the files could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879; *see also SI Power LLC*, 2016 WL 1260484, at *10 (finding that this factor was neutral because "nothing in the record demonstrates that the relevant documents would be unavailable in either District"). Accordingly, because there is nothing to suggest that any relevant documents and records could not be produced in this District, this factor does not advance Defendants' cause in favor of transfer.

Seventh, the Court finds that the factor regarding the enforceability of any judgment also fails to weigh in favor of transfer because there is no difference between a judgment of the District Court in the Virgin Islands and the U.S. District Court for the District of Columbia in this regard.

Eighth, the Court also finds that the factor regarding practical considerations that could expedite or simplify trial is neutral. Defendants argue that because "the parties, relevant documents and records [are] located in Washington, D.C., transferring the case to the District of Columbia will make the trial easier, more expeditious and less expensive." (Dkt. No. 37 at 13). As noted above, however, Defendants do not put forth any argument as to how they would be inconvenienced by venue in this District, nor have they explained why it would be impractical to transfer any relevant documents and records from the District of Columbia to the Virgin Islands. Accordingly, this factor does not weigh in favor of a transfer.

Ninth, as to the relative level of court congestion in the two fora, Defendants seem to argue that because "[t]here is only one district court judge on St. Croix, whereas there are numerous district court judges in the District of Columbia," this factor favors a transfer. (*Id.*). As Plaintiff notes, however, the number of judges in each forum, by itself, "reveals nothing about the relative court congestion." (Dkt. No. 43 at 12). Thus, the Court finds that this factor does not weigh in favor of a transfer.

Finally, the Court finds that the remaining three factors (the local interest in deciding local controversies at home; the public policies of the fora; and in a diversity case, the familiarity of the two courts with state law) are either neutral or inapplicable to the instant action, and do not, therefore, advance Defendants' bid for a transfer. The parties raise no meaningful contentions otherwise. (Dkt. No. 43 at 13; Dkt. No. 37 at 13).[8]

---

[8] Defendants summarily assert that "the remaining factors . . . weigh in favor of transfer" without offering any argument in support of the factors regarding either the local interest in deciding local controversies at home or the public policies of the fora. (Dkt. No. 37 at 13). Defendants appear to argue that the familiarity of the two courts with the law favors transfer by asserting that "[t]he judges in the District of Columbia routinely handle federal employment discrimination cases as most federal agencies have their headquarters there." (*Id.*). However, as set forth in *Jumara*, this factor is limited to diversity cases. 55 F.3d at 880. This is not a diversity case and, therefore, this

14

On balance, the Court concludes that the factors, as set forth in *Jumara*, do not support a transfer. In light of Plaintiff's choice of forum in this District, the Court finds that Defendants have failed to meet their burden of showing that "the balance of convenience of the parties is strongly in favor of [a transfer]." *Shutte*, 431 F.2d at 25; *see also Reed*, 166 F. Supp. 2d at 1057 (plaintiff's choice of forum "will not be disturbed unless the balance of interest tilts strongly in favor of a transfer"). Accordingly, Plaintiff's choice of forum should not be disturbed.

### b. Defendants' Remaining Arguments

Defendants argue that Plaintiff's choice of forum should be entitled to little deference because she lives and works in the District of Columbia; the claims are not connected to the Virgin Islands; and "[t]here is evidence of forum shopping by Plaintiff." (Dkt. No. 37 at 12). Because the Court finds these arguments unpersuasive, they do not alter the Court's conclusion.

Regarding their first argument, Defendants assert that "Plaintiff's residence actually favors transfer" because at the time the Complaint was filed Plaintiff was "resid[ing] near the District of Columbia, work[ing] in the District of Columbia, and perform[ing] her official duties there." (*Id.*). Defendants assert that courts do not give "paramount consideration" to a plaintiff's domicile, but in fact consider "where the plaintiffs live – their physical location." (Dkt. No. 45 at 2). Defendants conclude that "since Plaintiff in the instant case does not live in the Virgin Islands . . . her forum choice is entitled to little deference." (*Id.*)

However, Defendants proffer no persuasive authority for the proposition that Plaintiff's choice to bring suit in the forum in which she is domiciled is entitled to less weight because she was working and living outside of her domicile at the time suit was brought. The cases upon which

---

factor is inapplicable. Moreover, as noted in *Aucoin v. Prudential Ins. Co. of Am.*, 959 F. Supp. 2d 185 (D.D.C. 2013), "all federal courts are 'competent to decide federal issues correctly.'" *Id.* at 192 (quoting *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 70 n.6 (D.D.C. 2003)).

Defendants rely show, for the most part, that courts generally accord a plaintiff's choice of forum less deference when it is different than the plaintiff's "residence." However, there is no indication in those cases that the forum which is being afforded less deference is in fact the plaintiff's domicile.[9] Indeed, Defendants fail to connect the holdings in the cases upon which they rely to the proposition that less deference is accorded to a plaintiff's choice where—as here—the forum choice is based on domicile.[10] Thus, although a plaintiff's choice of forum is generally entitled to

---

[9] In almost all the cases Defendants cite, the courts refer only to the plaintiffs' residences and do not discuss whether residence is synonymous with, or different from, domicile. Given this lack of specificity and the fact that, under the general venue statute, a person is deemed to "reside" in his or her place of domicile (28 U.S.C. § 1391(c)(1)) it is unclear from these cases whether, as Defendants maintain, the place of domicile is in fact being accorded less deference. *See, e.g.*, *Hawkins v. Medapproach Holdings, Inc.*, 2014 WL 2085272, at *1 (S.D.N.Y. May 12, 2014) (deferring to plaintiff's forum choice in part because "[p]laintiff resides in the chosen district" but not specifying if plaintiff was also domiciled in the chosen district); *Dunston v. New York City Police Dep't*, 2010 WL 5065903, at *2 (S.D.N.Y. Dec. 7, 2010) (noting that a plaintiff's choice of forum is accorded less deference where she does not reside in or is not located in the chosen forum but not giving any indication that the plaintiff's chosen forum—which was given less deference—was her domicile).

The only case that Defendants cite in which the court expressly mentioned the plaintiff's domicile is *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73 (2d Cir. 2001). However, this case also fails to support Defendants' argument. In *Iragorri*, the plaintiffs were domiciled in Florida; the accident giving rise to the claim occurred in Cali, Colombia; and the plaintiffs brought suit in Connecticut. 274 F.3d at 70. The district court transferred the case from Connecticut to Colombia, but the Second Circuit reversed, holding that the district court "did not accord appropriate deference to the plaintiff's chosen forum." *Id.* at 75. The Second Circuit expressly noted that Connecticut was not the plaintiff's residence. *Id.* at 69. Thus, if anything, this case supports the Court's conclusion because the Second Circuit deferred to the plaintiff's choice of forum—which was not her residence. Plaintiff's choice of forum here is the Virgin Islands.

[10] Indeed, Defendants' proposition appears counter to the general venue provision of 28 U.S.C. § 1391(e) in which the plaintiff's residence is a proper venue, and residence is equated with domicile. 28 U.S.C. § 1391(c) ("For all venue purposes—(1) a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled"); *Manley v. Engram*, 755 F.2d 1463, 1466 n.3 (11th Cir. 1985) ("It is well settled that an individual's mere residence in a state is not enough for purposes of establishing the propriety of venue there. Rather, it is the individual's 'permanent' residence—*i.e.*, his domicile—that is the benchmark for determining proper venue."). It would seem odd that Plaintiff's choice of the Virgin Islands is a proper venue under § 1391(e)

less weight where the plaintiff chooses a forum which is not her home, *see Reed*, 166 F. Supp. 2d at 1057, Defendants have proffered no persuasive authority to show that Plaintiff's "home" is actually the location where she is temporarily living and working (the District of Columbia) rather than her domicile (the Virgin Islands).

Moreover, the fact remains that "a plaintiff's choice of a proper forum is a paramount consideration." *Shutte*, 431 F.2d at 25. This is especially true where—as here—Plaintiff properly chooses her domicile—her "true, fixed and permanent home." *McCann*, 458 F.3d at 286 (defining domicile). Plaintiff's choice of the Virgin Islands—legitimately motivated by the fact that it is her domicile—is therefore of compelling significance. *See Iragorri*, 274 F.3d at 73 ("We thus understand the Supreme Court's teachings on the deference due to plaintiff's forum choice as instructing that we give greater deference to a plaintiff's forum choice to the extent that it was motivated by legitimate reasons, including the plaintiff's convenience . . . and diminishing deference to a plaintiff's forum choice to the extent that it was motivated by tactical advantage."); *see also Austin*, 524 F. Supp. at 1169 (noting that plaintiffs' choice of forum "is not to be examined" unless the defendants can make "an affirmative showing of oppressiveness"). Thus, the Court concludes that Defendants' failure to show "oppressiveness," *Austin*, 524 F. Supp. at 1169, or that the "balance of interest tilts strongly in favor of transfer," *Reed*, 166 F. Supp. 2d at 1057-58, renders Plaintiff's legitimate choice to bring suit in the forum of her domicile unassailable.

Defendants' second argument that Plaintiff's choice is entitled to less deference because the claims have no connection to the Virgin Islands is similarly not compelling. While the Virgin Islands has no connection to the alleged discrimination, neither—as Plaintiff points out—does the

---

because it is her domicile, but her choice is accorded less deference in the balancing test of § 1404(a) because it is her permanent, rather than her temporary residence.

District of Columbia. (Dkt. No. 43 at 5). Neither the Virgin Islands nor the District of Columbia is the location from which the claims arose. Rather, the alleged discriminatory acts occurred in Venezuela. Defendants' argument in favor of transferring the case from the Virgin Islands to the District of Columbia does not, therefore, gain any ground. *Cf. Alcantarilla*, 2015 WL 8785007, at *8 ("the purpose of a venue transfer is not to shift inconvenience from one party to another"). Accordingly, under the circumstances here, the fact that the underlying claims did not occur in this District does not alter the Court's analysis. *See Reed*, 166 F. Supp. 2d at 1057-58 (upholding plaintiff's forum choice although the accident giving rise to the claim occurred in the navigable waters of the Chesapeake Bay, and noting that the "[plaintiff's choice] will not be disturbed unless the balance of interests tilts strongly in favor of a transfer").

Defendants' third argument is that Plaintiff's choice of forum is not entitled to deference because there is evidence of forum shopping. Defendants note that Plaintiff's original Complaint contained a claim for employment discrimination based on Title VII, and argue that she dropped the specific reference to Title VII in the Amended Complaint "[w]hen [she] realized that she could not meet the special venue requirements of Title VII's venue statute." (Dkt. No. 37 at 12). If Defendants' claim of forum shopping were meritorious, it could lessen the deference afforded to Plaintiff's choice of forum. *See Iragorri*, 274 F.3d at 72. The Court finds, however, that Defendants' forum-shopping claim has no merit.

As a preliminary matter, the fact that Plaintiff brought suit in the forum in which she is domiciled—a legitimate choice under 28 U.S.C. § 1391(e)—weighs against a finding of forum shopping. *Cf. Hawkins*, 2014 WL 2085272, at *1 ("where, as here, [p]laintiff resides in the chosen district, there is a presumption against forum shopping"). Equally important, Defendants do not identify how Plaintiff would gain any improper tactical advantage by litigating the case in the

Virgin Islands. *See Sheldon v. PHH Corp.*, 135 F.3d 848, 855 (2d Cir. 1998) (noting that "[t]he concern surrounding forum shopping stems from the fear that a plaintiff will be able to determine the outcome of a case simply by choosing the forum in which to bring the suit" (quoting *Olmstead v. Anderson*, 400 N.W.2d 292, 303 (1987))) (quotations omitted); *see also Lafferty v. St. Riel*, 495 F.3d 72, 78 n.7 (3d Cir. 2007) (noting that an example of forum shopping is "where parties purposely file an action in a district with improper venue simply to take advantage of the forum's longer statute of limitations" (quoting Richard Maloy, *Forum Shopping? What's Wrong with That?*, 24 Quinnipiac L. Rev. 25, 48 (2005))) (quotations omitted). Accordingly, the Court concludes that Defendants have failed to raise the specter of forum shopping in the present case.

In sum, Defendants' arguments that Plaintiff's choice of forum is entitled to little deference are unpersuasive and do not alter the Court's conclusion. The alleged discrimination occurred neither in the Virgin Islands nor the District of Columbia, and although Plaintiff does not currently work and live in the Virgin Islands, it is her place of domicile. Moreover, Defendants have failed to put forth any evidence that Plaintiff chose the Virgin Islands to obtain an improper tactical advantage. Thus, the Court finds that Plaintiff's choice of forum carries significant weight. Because Defendants have failed to establish that the balance of interests tilts strongly in favor of a transfer, Plaintiff's choice of forum will not be disturbed. *See Shutte*, 431 F.2d at 25; *Reed*, 166 F. Supp. 2d at 1057. Accordingly, transfer to the District of Columbia pursuant to 28 U.S.C. § 1404 will be denied.

### III. CONCLUSION

Based on the foregoing, the Court will deny Defendants' Motion to Transfer for Improper Venue or, in the Alternative, Pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 36).

An appropriate Order accompanies this Memorandum Opinion.

Date: May 24, 2016　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　　　Chief Judge