IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| JULIE A. BEBERMAN, | |
|---|---|
| Plaintiff | Civ. No. 14-0020 |
| v. | OPINION |
| U.S. DEPARTMENT OF STATE and SECRETARY OF STATE JOHN KERRY, in his official capacity, | |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

This matter has come before the Court upon five motions to amend the Complaint by Plaintiff Julie A. Beberman ("Plaintiff") (ECF Nos. 46, 53, 98, 103, 109) and two motions to dismiss by Defendants United States Department of State and Secretary of State John Kerry, in his official capacity (ECF Nos. 92, 110). The first motion to dismiss addresses the First Amended Complaint, which is the currently operative complaint. (ECF No. 92). The second motion to dismiss addresses the proposed Third Amended Complaint. (ECF No. 110). Defendants also opposed the Fifth and Sixth proposed amended complaints. (ECF Nos. 106, 116). Briefing on the first motion to dismiss was stayed pending a Third Circuit decision in this matter (ECF Nos. 95, 97), and the stay was continued pending a decision on the motions to amend the complaint (ECF No. 105).

The matter was reassigned to the Honorable Anne E. Thompson on May 8, 2017. The Court issues the following opinion and order based upon the briefs and oral argument conducted on June 14, 2017. For the reasons stated below, Plaintiff's Second, Third, and Fourth Motions to

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Amend the Complaint will be granted, Plaintiff's Fifth Motion to Amend will be denied, and Plaintiff's Sixth Motion to Amend will be granted in part. Defendants' motions to dismiss will be denied without prejudice, to be refiled regarding the new complaint.

## BACKGROUND AND PROCEDURAL HISTORY

On May 9, 2014, Plaintiff filed her first complaint, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, (discrimination on the basis of gender), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 633a, (discrimination on the basis of age), and the Privacy Act of 1974, 5 U.S.C. § 552a(g)(1)(D). Plaintiff also noted that she would seek to amend the complaint to include claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., after she had exhausted her administrative remedies. Plaintiff was, at the time of filing, a Foreign Service Officer serving the Department of State. The discrimination claims arose out of alleged discriminatory actions, commentary, and employment evaluations by her supervisor, Visa Chief Eric Cohan, and adverse employment actions against Plaintiff between October 1, 2011 and November 2012 during her assignment at Embassy Caracas in Venezuela. The privacy claim arose out of the tenure board's June 2014 anticipated review of Plaintiff's Employee Evaluation Report, which Plaintiff argued was adverse because of the alleged discrimination. Plaintiff sought an injunction to prevent the tenure board from viewing that Report. (ECF No. 9). That request was denied. (ECF No. 18).

On May 22, 2014, Plaintiff filed her First Amended Complaint, removing the Title VII gender discrimination claim, delineating her residence and State Department assignments to date, and adding a request for a temporary restraining order, preliminary injunction, and permanent injunction. (ECF No. 21). The parties stipulated to dismissal of the Privacy Act claim. (ECF Nos. 35, 38).

On December 29, 2014, Plaintiff moved to file her Second Amended Complaint, requesting leave to replace Defendant Department of State with the United States of America, remove her Privacy Act claim, and include her Federal Tort Claims Act ("FTCA") claim in full, alleging that she had exhausted her administrative remedies for her FTCA claim. (ECF No. 46). Plaintiff thus was left with her ADEA and FTCA claims.

Almost one year later, on December 17, 2015, Plaintiff moved to file her Third Amended Complaint, seeking to add a retaliation claim, possibly under the ADEA, and alleging a new injury. (ECF No. 53). Plaintiff alleged that she was selected for a new assignment at Embassy Malabo in Equatorial Guinea. A representative of the State Department communicated her pending complaints against the Department to the Principal Deputy Assistant Secretary of the Bureau of African Affairs and the Bureau of Consular Affairs, who then denied her the opportunity to serve as backup consular officer at Embassy Malabo. (ECF No. 53, ¶¶ 89–92). Plaintiff claimed that this was an adverse employment action in retaliation for declining a mediated settlement in her other claims. (*Id.* ¶ 140).

Plaintiff was denied tenure and scheduled for separation on March 27, 2016. (*See* ECF No. 56). On March 20, 2016, Plaintiff moved for a temporary restraining order or preliminary injunction to direct the Department of State and Secretary John Kerry to retain Plaintiff in her assignment at that time at the Embassy in Malabo until the end of the assignment in December 2017. (*Id.*). On March 24, 2016, the Court found that Plaintiff did not show irreparable harm that could not be redressed by a monetary or equitable remedy, Plaintiff could not show likelihood of success on the merits at that juncture, and Defendants showed harm to itself and the public interest. The motion was denied. (ECF Nos. 73, 74). Plaintiff moved for reconsideration of that order (ECF No. 76) and was denied (ECF No. 84, 85). Plaintiff appealed those orders to

the Third Circuit (ECF No. 87), which affirmed the District Court order. (*See* ECF No. 104).

During this time, the Court issued an order to show cause why this venue is proper (ECF No. 13, May 13, 2014) and Defendants moved to transfer for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406, or, in the alternative, 28 U.S.C. 1404(a) (ECF No. 36, June 5, 2014). The Court denied the motion to transfer on May 24, 2016. (ECF No. 90).

After the motion to transfer was denied, Defendants moved to dismiss in part the First Amended Complaint (the operative complaint) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies for the ADEA claim. (ECF No. 92, June 7, 2016). The Court stayed the motion to dismiss and then all proceedings in this matter while Plaintiff's appeal of the TRO was pending before the Third Circuit. (*See* ECF Nos. 94–97, July 19, 2016).

While the appeal was pending, Plaintiff sought leave to file her Fourth and Fifth Motions to Amend the Complaint during the stay, in order to fall within the statute of limitations. The Court granted leave to file the motions to amend. The proposed Fourth Amended Complaint sought to add additional factual allegations of prejudicial action at Embassy Malabo and retaliation by Defendants in issuing Separation Orders and moving Plaintiff to Washington, D.C. (ECF No. 98, ¶¶ 49–51, 147–66). The Fifth sought to add a new count for age discrimination, stemming from Plaintiff's rejection from the Young Diplomats Network between December 2012 and April 2013. (ECF No. 103, ¶¶ 167–211). After the Third Circuit ruled, the Court lifted the stay and Defendants opposed the fifth motion to amend the complaint. (ECF No. 106).

The matter was then reassigned to the Honorable Judge Thompson and Plaintiff filed her Sixth Motion to Amend and Defendants filed their Second Motion to Dismiss seeking to dismiss Plaintiff's Third Amended Complaint for failure to state a claim. (ECF Nos. 109 and 110, respectively). Plaintiff opposed the second motion to dismiss arguing it was premature, because

4

the motion to amend and file the Third Amended Complaint had not been granted. Defendant opposed Plaintiff's Sixth Motion to Amend. Plaintiff sought to amend Defendant Secretary John Kerry to Secretary Rex Tillerson, in his official capacity, to update information about her current placement, and to add a claim regarding Defendants' denial of tenure to Plaintiff. (*See* ECF No. 109, ¶¶ 53–57, 77–78). Plaintiff included new allegations against Deputy Visa Chief Shane Myers and Consul General Dale Rumbarger dating from October 2011 to July 2012. (*Id.* ¶¶ 79–104, 115–127, 145, 148, 151–167, 174). She also removed significant factual allegations against Visa Chief Cohan, the State Departments mediation representative, and the Principal Deputy Assistant Secretary of the Bureau of African Affairs. (*Id.* ¶¶ 108–113).

The Court indicated that it would first address the pending motions to amend and then would invite additional briefing on the motions to dismiss, if appropriate. (ECF No. 105).

Plaintiff notified the Court that she has two pending administrative actions before the Foreign Services Grievance Board ("FSGB") that are related to this case. (ECF No. 124). One pertains to the State Department's alleged curtailment and reassignment of Plaintiff from the Embassy in Malabo to Washington, D.C. in November 2016; the other pertains to Plaintiff's appeal to the FSGB that she was transferred from Malabo to Washington in retaliation for her grievances. (*Id.*) She withdrew that notification (ECF No. 125) and filed exhibits of her formal complaints of discrimination to the Department of State and other related documentation (ECF No. 126).

Thus, the Court has before it five pending motions to amend the complaint, the last two of which are opposed, and two pending motions to dismiss, which are not fully briefed. The Court will first address the motions to amend.

## DISCUSSION

I. <u>Plaintiff's Motions to Amend Complaint</u>

According to Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend its pleading once as a matter of course within 21 days of serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or a 12(b), (e), or (f) motion. A plaintiff may further amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id.* The district court may exercise its discretion to deny leave to amend the complaint, but it must provide a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Furthermore, the court may, upon motion, permit a party to serve a supplemental pleading based upon a transaction or occurrence that happened after the date of the original pleading, even though the original pleading is defective in stating a claim. Fed. R. Civ. P. 15(d).

The Court first considers whether any of Plaintiff's motions to amend should be granted as a matter of course pursuant to Rule 15(a)(1). In the present case, Plaintiff has moved to amend her complaint six times over the course of three years. The First Amended Complaint (ECF No. 21) was filed thirteen days after the original complaint and thus was granted as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A). That is the operative complaint at this time.

Rule 15(a)(1) only permits one amendment as a matter of course pursuant to its

provisions. Therefore, Plaintiff cannot argue she is entitled pursuant to Rule 15(a)(1)(B) to her proposed amendments that followed Defendants' responsive pleadings; the Court must turn to options under Rule 15(a)(2).

According to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." The district court may exercise its discretion to deny leave to amend the complaint, but it must provide a reason, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

The Second, Third, and Fourth Motions to Amend the Complaint[2] added facts and counts arising from the changing situation of Plaintiff and Defendants during the two and a half years these motions have been pending. The Second requested leave to replace Defendant Department of State with the United States of America, remove her Privacy Act claim, and include her Federal Tort Claims Act ("FTCA") claim in full, alleging that she had exhausted her

---

[2] The Court held oral argument on June 14, 2017 and asked the parties which pending motions were relevant and which, if any, could be treated as moot. Plaintiff argued all of the motions to amend the complaint accumulated into the Sixth Motion to Amend. Defendants argued the new claims presented in the Fifth and Sixth Amended Complaints cannot withstand a motion to dismiss, so the motions to amend are futile and should be denied. Furthermore, Defendants argued they would be prejudiced by allowing the matter to continue because a similar complaint is pending in the District of the District of Columbia and this one is therefore redundant. Lastly, Defendants presented arguments to dismiss the First and Third Amended Complaints in its motions to dismiss; it did not file motions to dismiss the others because it was easier simply to oppose the subsequent motions to amend. Defendants filed oppositions to the Fifth and Sixth motions to amend. (ECF Nos. 103, 116). Without Plaintiff withdrawing the prior motions to amend, it does not appear that the Court has a basis to skip the prior proposed amendments and consider the Sixth directly. *See Der Weer v. Hess Oil V.I. Corp.*, 60 V.I. 91, 98 (Super. Ct. 2014) (quoting 56 Am. Jur. 2d *Motions, Rules, and Orders* § 31 (2010)). Therefore, the Court will begin with the Motion to Amend and file the Second Amended Complaint.

administrative remedies for her FTCA claim. (ECF No. 46). This left Plaintiff with her ADEA and FTCA claims. The Third sought to add a retaliation claim, possibly under the ADEA, and alleged a new injury for alleged retaliation for bringing this and other related complaints against the Department and refusing a settlement offer. (ECF No. 53). The Fourth sought to separate the retaliation claim into three separate counts, to add more detail and new facts for occurrences at Embassy Malabo, the issuance of Separation Orders, and the transfer of Plaintiff to Washington, D.C. (ECF No. 98). These motions appear to add related claims which Plaintiff could not have known about prior to the amendments, because they pertain to subsequent occurrences. It does not appear that Plaintiff delayed excessively in requesting these amendments, nor does it appear that Defendant would be unduly prejudiced by these amendments, and the Court will grant the Second, Third, and Fourth Motions to Amend. Because Plaintiff argues that the amended complaints build on each other, the Court will consider the Fourth Amended Complaint as the operative complaint.

The Fifth Motion to Amend seeks to add a new count for age discrimination, stemming from Plaintiff's rejection from the Young Diplomats Network between December 2012 and April 2013. (ECF No. 103, ¶¶ 167–211). This is an entirely new claim stemming from facts known to the Plaintiff at the time she filed the first complaint. Plaintiff had ample opportunity to plead this issue in her prior amended complaints. It appears that it would be unduly prejudicial for Defendants to have to address this new claim, which is not directly related to the original claim, pertains to different facts and individuals, and for which Defendants did not receive notice until two and a half years after the original complaint was filed. The Fifth Motion to Amend will be denied.

In the Sixth Motion to Amend, Plaintiff seeks to amend Defendant Secretary John Kerry

to Secretary Rex Tillerson, in his official capacity, to update information about her current placement, and to add a claim regarding Defendants' denial of tenure to Plaintiff. (*See* ECF No. 109, ¶¶ 53–57, 77–78). Plaintiff included new allegations against Deputy Visa Chief Shane Myers and Consul General Dale Rumbarger dating from October 2011 to July 2012. (*Id.* ¶¶ 79–104, 115–127, 145, 148, 151–167, 174). She also removed significant factual allegations against Visa Chief Cohan, the State Departments mediation representative, and the Principal Deputy Assistant Secretary of the Bureau of African Affairs. (*Id.* ¶¶ 108–113).

To the extent that this amendment makes facial changes—such as replacing Secretary Kerry with Secretary Tillerson, the Court will permit this amendment. To the extent that Plaintiff includes new claims based on facts that she knew or should have known prior to the original filing of the original Complaint, such as the actions of Deputy Visa Chief Shane Myers and Consul General Dale Rumbarger, the Court will deny the motion to amend due to excessive delay and prejudice for Defendants to have to address these facts and claims which could have been brought in any of the five prior amendments over three years. *See Foman*, 371 U.S. at 182. To the extent that Plaintiff makes a new allegation, that she was denied tenure due to the discrimination of her prior supervisors—which she complained of in the prior complaints—and due to retaliation for this lawsuit, the Court will permit that amendment pursuant to Fed. R. Civ. P. 15(d).

## II. Futility and Defendants' Motions to Dismiss

Defendants argue that Plaintiff should not be granted leave to file any of the pending amended complaints because such amendments would be futile. Specifically, Defendants argue that the amended complaints would not survive a motion to dismiss.

Given the confusion of having so many pending motions to amend, and two motions to

dismiss that are not fully briefed, the Court will permit amendments to the complaint in accordance with this opinion and will consider Defendants' arguments in their motion to dismiss that new complaint, should Defendants choose to file one.

## CONCLUSION

For the foregoing reasons, Second, Third, and Fourth Motions to Amend the Complaint will be granted and accumulated into the Fourth, operative, Amended Complaint. Plaintiff's Fifth Motion to Amend will be denied and Plaintiff's Sixth Motion to Amend will be granted in part. Plaintiff will be granted leave to file an amended complaint in accordance with this opinion. Defendants' motions to dismiss will be denied without prejudice, to be refiled regarding the new complaint. A corresponding order will follow.

Date: 8/29/17

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.