# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

JULIE A. BEBERMAN,

        Plaintiff

v.

U.S. DEPARTMENT OF STATE and
SECRETARY OF STATE JOHN KERRY,
in his official capacity,

        Defendants.

Civ. No. 14-0020

**OPINION**

THOMPSON, U.S.D.J.[1]

This matter has come before the Court upon a motion for partial reconsideration of the Court's Order and Opinion of September 1, 2017, by Plaintiff Julie A. Beberman ("Plaintiff"). (ECF No. 131.) Defendants United States Department of State and Secretary of State John Kerry, in his official capacity,[2] (collectively "Defendants") oppose. (ECF No. 132.) The Court decides this motion based upon the written submissions, without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Plaintiff's Motion for Partial Reconsideration is denied.

## BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Plaintiff's employment as a Foreign Service Officer within the Department of State, and the Department's alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (discrimination on the basis of gender), the Age Discrimination in

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.
[2] Part of Plaintiff's Sixth Motion to Amend was to substitute John Kerry for current Secretary of State Rex Tillerson. The Court granted Plaintiff's Sixth motion insofar as it applied to this amendment. (ECF No. 130 at 9.)

1

Employment Act of 1967 ("ADEA"), 29 U.S.C. § 633a (discrimination on the basis of age), and the Privacy Act of 1974, 5 U.S.C. § 552a(g)(1)(D). As of June 2017, the Court had five pending motions to amend the Complaint by Plaintiff and two motions to dismiss by Defendants. In an Order and Opinion on September 1, 2017, the Court denied Plaintiff's Fifth Motion to Amend, granted in part Plaintiff's Sixth Motion to Amend, and denied Defendants' Motions to Dismiss without prejudice. (ECF Nos. 129, 130.) On September 8, 2017, Plaintiff filed the present Motion for Reconsideration (ECF No. 131), and Defendants opposed (ECF No. 132).

Plaintiff's Fifth Motion to Amend sought to add a new count for age discrimination based on Plaintiff's rejection from the Young Diplomats Network ("YDiN") between December 2012 and April 2013. (Mot. File Fifth Am. Compl., Ex. 2, ¶¶ 167–211, ECF No. 103-2.) Plaintiff's Sixth Motion to Amend sought to change Defendant Secretary John Kerry to Secretary Rex Tillerson, in his official capacity, update her placement information, and add a claim regarding Defendants' denial of tenure to Plaintiff. (*See* Mot. File Sixth Am. Compl., Ex. 2, ¶¶ 53–57, 77–78, ECF No. 109-2.) Plaintiff included new allegations against Deputy Visa Chief Shane Myers and Consul General Dale Rumbarger dating from October 2011 to July 2012. (*Id.* ¶¶ 79–104, 115–27, 145, 148, 151–67, 174.) She also removed factual allegations related to Visa Chief Cohan, the State Department's mediation representative, and the Principal Deputy Assistant Secretary of the Bureau of African Affairs. (*Id.* ¶¶ 108–13.) The Court denied this motion to the extent Plaintiff raised new claims against new parties. (ECF No. 129 at 9.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.3,[3] a motion for reconsideration may be based on one of three grounds: (1) intervening change in controlling law;

---

[3] Formerly, Local Rule 7.4.

(2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). "Such motions are not substitutes for appeals, and are not to be used as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Cabrita Point Dev., Inc. v. Evans*, 2009 WL 3245202, at *2 (D.V.I. Sept. 30, 2009) (citing *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)). Rather, "reconsideration is an 'extraordinary' remedy not to be sought reflexively . . . ." *Bostic*, 312 F. Supp. 2d at 733. A motion for reconsideration "should only be granted where such facts or legal authority were indeed presented but overlooked." *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *1 (D.N.J. Aug. 1, 2012); *see also Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) ("[M]anifest injustice '[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it.'").

## DISCUSSION

Because Plaintiff has already amended her pleadings as a matter of course, it was within the Court's discretion to deny her subsequent motions to amend. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court found that Plaintiff was dilatory and that her amendments and new claims would prejudice Defendants. (ECF No. 129 at 8–9.) Plaintiff's present Motion, however, is contrary to the purpose of a motion for reconsideration. Plaintiff does not articulate any intervening controlling law, newly available evidence, or manifest errors that the Court must correct. Rather, Plaintiff disagrees with the Court's decision.

First, Plaintiff argues she did not unduly delay because she had to exhaust administrative remedies and because she did not know of the harm that the alleged discriminatory conduct

3

caused until after she was denied tenure in February 2016. (Pl.'s Mot. Recons. at 10, ECF No. 131.) Plaintiff still had knowledge of the factual bases for these claims at the time of her original filing or first amendment: both new causes of action are based on events that occurred from 2011 through 2013. (*See generally* ECF No. 103-2; ECF No. 109-2.) The Court acknowledges that Plaintiff could not bring her YDiN discrimination claims in this civil suit until after receiving the final agency opinion on August 11, 2016, after which she made her Fifth Motion to Amend on November 11, 2016, just within the statutory 90-day period. (ECF No. 103-2, ¶ 52; Pl.'s Mot. Recons. at 3–4.) The Court did not overlook this timeline and stands by its initial assessment that this claim results in prejudice to Defendants. The cause of action based on YDiN conduct introduces a new claim, "not directly related to the original claim, pertain[ing] to different facts and individuals." (Op. at 8, ECF No. 129.) Plaintiff counters this finding with arguments of judicial economy and efficiency put forth in her original motions, which is both contradictory to the purpose of a motion for reconsideration and an inappropriate assertion for this matter. Considering the length and complexity of this litigation and the interconnected, pending cases in other jurisdictions, it would be prejudicial to burden Defendants with this cause of action at this stage. (Defs.' Opp'n to Pl.'s Mot. File Fifth Am. Compl. at 11, ECF No. 106; Defs.' Opp'n to Pl.'s Mot. File Sixth Am. Compl. at 19–20, ECF No. 116.)[4]

Although Plaintiff claims she did not have a valid claim until 2016 when she was officially denied tenure, thereby suffering an adverse employment action (Pl.'s Reply to Defs.'

---

[4] Plaintiff contends that Defendants have not raised claims of prejudice (Pl.'s Mot. Recons. at 8; Pl.'s Reply to Defs.' Opp'n at 17). Defendants raised concerns of vexatious, costly, and duplicative litigation in their replies to both Plaintiff's Fifth and Sixth motions to amend. Additionally, when acting on its discretion to grant or deny leave to amend, "the obligation of the district court in its disposition of the motion is to articulate the prejudice caused by the delay and to balance those concerns against the reasons for the delay." *Cureton v. NCAA*, 252 F.3d 267, 276 (3d Cir. 2001).

4

Opp'n at 13, ECF No. 133), she was on notice of adverse consequences earlier. Plaintiff was made aware of the effect of Deputy Myers' Employment Evaluation Reports as early as August 21, 2014 when she received an email originally denying her tenure, in part based on Myers' review comments. (Pl.'s Mot. Recons. at 11.) She was also denied tenure by the Winter 2015 Commissioning and Tenure Board, creating a basis for her claim. (*Id.* at 14.)

Next, Plaintiff argues that she must be allowed to amend due to her underlying "cat's paw" legal theory. (Pl.'s Mot. Recons. at 8–9.) This argument, not found in her initial motions to amend or replies to Defendants' opposition briefs, is used to justify including the new facts and causes of action of the Fifth and Sixth motions to amend. While the cat's paw theory may demonstrate a causal and legal connection between the new and original complained of claims and underlying facts, this is not the time to advance novel legal arguments that could have been raised at an earlier stage. *Cabrita Point Dev., Inc.*, 2009 WL 3245202, at *2.

The Court does not find manifest injustice if Plaintiff is not granted leave to amend. For the reasons detailed above, Plaintiff had ample opportunities to raise these facts and arguments in earlier proceedings or her original motions to amend. Therefore, the Court did not overlook any matters nor err in applying the Rule 15 standard by denying the Fifth and granting in part the Sixth Motion to Amend. As the Court's last Opinion indicated, Plaintiff may amend with new allegations that discriminatory conduct of prior supervisors led to her denial of tenure, if such claims rely on conduct already complained of to avoid prejudice. (ECF No. 129 at 9.)

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied. A corresponding order will follow.

Date: 10/4/17

ANNE E. THOMPSON, U.S.D.J.

5

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JULIE A. BEBERMAN,

        Plaintiff

v.

U.S. DEPARTMENT OF STATE and
SECRETARY OF STATE JOHN KERRY,
in his official capacity,

        Defendants.

Civ. No. 14-0020

**ORDER**

THOMPSON, U.S.D.J.[1]

    For the reasons stated in this Court's Opinion on this same day,

    IT IS on this 4th day of October, 2017,

    ORDERED that Plaintiff Julie A. Beberman's Motion for Partial Reconsideration (ECF No. 131) is DENIED.

                                      */s/ Anne E. Thompson*
                                    ANNE E. THOMPSON, U.S.D.J.

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.