NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JULIE A. BEBERMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF STATE and SECRETARY OF STATE MICHAEL R. POMPEO, in his official capacity,<br><br>　　　　　Defendants. | Civ. No. 14-20<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion to Amend Complaint by Plaintiff Julie A. Beberman. (ECF No. 179.) Defendants U.S. Department of State and Secretary of State Michael R. Pompeo, in his official capacity, (collectively, "Defendants") oppose. (ECF No. 179.) For the reasons stated herein, Plaintiff's Motion is denied.

## BACKGROUND

This case arises out of Plaintiff's employment as a Foreign Service Officer within the Department of State and its alleged discrimination against Plaintiff. Presently, Plaintiff seeks to file an eighth amended complaint[2] that would add the allegation that, after she was transferred from her role at Embassy Malabo, she was replaced by a younger male. (Proposed 8th Am.

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.
[2] Because the Court previously rejected a proposed eighth amended complaint (*see* Op. at 21–22, ECF No. 150; Order, ECF No. 149), Plaintiff seeks to avoid confusion by labeling the proposed complaint here as the ninth amended complaint (Reply at 7, ECF No. 183).

1

Compl. ¶¶ 89–107, ECF No. 175-1.) She asserts that this action shows discriminatory transfer under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a. (*Id.*; *see also* Mot. at 1, ECF No. 175.)

Plaintiff filed the instant Motion to Amend on April 2, 2019. (Mot. at 1.) Defendants opposed on April 11, 2019 (ECF No. 179), and Plaintiff replied on April 29, 2019 (ECF No. 183). On May 6, 2019, the parties attended a status conference wherein the Motion and other matters were discussed. (*See* Minute Entry, ECF No. 193.) The Motion is presently before the Court.

## **LEGAL STANDARD**

After amending as of right, a plaintiff may further amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id.* The district court may exercise its discretion to deny leave to amend the complaint, but it must provide a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Furthermore, the court may, upon motion, permit a party to serve a supplemental pleading based on a transaction or occurrence that happened after the date of the original pleading, even if the original pleading is defective. Fed. R. Civ. P. 15(d).

## **DISCUSSION**

Amending the operative Complaint once more in this case would be futile, and the Motion to Amend will be denied. Prior to filing a complaint in court, an aggrieved federal employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged

to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R § 1614.105(a)(1). "This 45-day time limit operates akin to a statute of limitations: a claim brought more than 45 days after the date it accrued will be barred." *Winder v. Postmaster Gen. of the U.S.*, 528 F. App'x 253, 255 (3d Cir. 2013).

Plaintiff's Proposed Amended Complaint challenges her transfer from Embassy Malabo, which occurred in April 2016. (Proposed 8th Am. Compl. ¶ 95.) Plaintiff did not seek counseling until October 10, 2018, well past the 45-day deadline. (*Id.* ¶ 52.) It is irrelevant that Plaintiff did not learn until recently that she was replaced by a younger male; she was aware of her transfer at the time it occurred, and "a claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong." *Id.*; *see also Abramsen v. Vi/sack,* 2012 WL 4717895, at *7 (D.V.I. Oct. 4, 2012) ("In the case of discrimination, the time begins to run when the victim knows that the discriminatory act occurred, not 'the date the victim first perceived that a discriminatory motive caused the act.'" (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir. 2001))).

Furthermore, Plaintiff cannot avail herself of equitable tolling here. As the Court previously explained, when ruling on a Motion to Dismiss in this case:

> Equitable tolling "should be applied 'only sparingly.'" In the context of employment discrimination, a plaintiff faces a high burden and must show "*both* that [the defendant] actively misled him about the reason for his discharge, and that this deception *caused* the late filing." In other words, "the employer's own acts or omissions . . . lulled the plaintiff into foregoing prompt attempts to vindicate his [or her] rights." . . .
>
> Plaintiff provides no concrete evidence that she was actively misled or that Defendants' conduct directly caused her late filing. She simply asserts the representations and justification for transfer from her supervisors at Embassy Caracas obscured the true discriminatory nature of her reassignment . . . Plaintiff's Seventh Amended Complaint contradicts her assertions insofar as she specifically pleads that younger male colleagues were selected for positions instead of her, and at Embassy Caracas, Cohan demonstrated his "discriminatory

3

animus," through enumerated remarks and demeaning conduct. . . . Plaintiff's own pleadings belie her tolling argument, as she knew or should have known of her injury.

(Op. at 9–11, ECF No. 150 (internal citations and footnotes omitted).) Similarly here, Plaintiff suspected discrimination long before she sought counseling, as evidenced by her past filings in this case. (*See, e.g.*, 7th Am. Compl. ¶ , ECF No. 137 (alleging that her transfer was due to discrimination).) Because Plaintiff had reason to know what she now alleges, equitable tolling is inappropriate.

Additionally, further amendment of the Complaint at this stage would cause undue delay. *Grayson*, 293 F.3d at 108. This case is now five years old. (*See* Compl., ECF No. 1 (filed May 9, 2014).) Plaintiff amended the Complaint once as of right (Am. Compl., ECF No. 21) and has moved to amend seven additional times since then (ECF Nos. 46, 53, 98, 103, 109, 145, 175). Moreover, this case is one of seven that have been brought by Plaintiff against the State Department. (*See* D.V.I. Civ. Nos. 16-63, 17-48, 17-61; Fed. Cl. Civ. Nos. 16-1006, 17-179; D.D.C. Civ. No. 16-2361.) Further prolonging this already protracted litigation would be inequitable to the parties and would thwart the Court's responsibility to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion to Amend is denied. An appropriate Order will follow.

Date:   5/7/19                      */s/ Anne E. Thompson*
                                                                 ANNE E. THOMPSON, U.S.D.J.