NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JULIE A. BEBERMAN,

        Plaintiff,

v.

U.S. DEPARTMENT OF STATE and
SECRETARY OF STATE MICHAEL R.
POMPEO, in his official capacity,

        Defendants.

Civ. No. 14-20

**OPINION**

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion for Partial Reconsideration and for Leave to Amend by Plaintiff Julie A. Beberman ("Plaintiff"). (ECF No. 217.) Defendants U.S. Department of State ("State Department") and Secretary of State Michael R. Pompeo, in his official capacity (collectively, "Defendants"), oppose. (ECF No. 222.) For the reasons stated herein, Plaintiff's Motion is denied.

## BACKGROUND

This case arises out of Defendant State Department's alleged discrimination against Plaintiff during her employment as a Foreign Service Officer. Plaintiff alleges that Defendant State Department's discrimination and retaliation against her caused her to be denied tenure. (*See* 7th Am. Compl. ¶¶ 224, 233–37, ECF No. 137.) In the present Motion, Plaintiff seeks

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

reconsideration of the Court's previous dismissal of Count 4 of Plaintiff's Seventh Amended Complaint. (*See* Pl.'s Mot. at 2, ECF No. 217; Dismissal Op. at 17–18, ECF No. 150; 7th Am. Compl. ¶¶ 215–38.) Plaintiff also seeks the Court's leave to amend that count to incorporate what Plaintiff now contends is "newly discovered evidence." (Pl.'s Mot. at 2.)

Plaintiff was confirmed as a Foreign Service Generalist within Defendant State Department on June 30, 2011 (7th Am. Compl. ¶ 19), where she assumed "a limited career appointment that would expire if she were not granted tenure within five years" of her appointment (*id.* ¶ 61). From October 2011 to November 2012, Plaintiff was assigned to the United States Embassy in Caracas, Venezuela. (*Id.* ¶ 62.) From December 2012 to December 2014, Plaintiff worked in the Bureau of African Affairs. (*Id.* ¶ 68.) Following that post, she worked in the United States Embassy in Malabo, Equatorial Guinea. (*Id.* ¶ 69.)

Plaintiff filed this lawsuit on May 9, 2014. (ECF No. 1.) Plaintiff amended the Complaint once as of right on May 22, 2014. (ECF No. 21.) Between December 2014 and May 2017, Plaintiff filed five additional motions to amend the Complaint. (ECF Nos. 46, 53, 98, 103, 109.) On September 1, 2017, this Court granted three of the motions, denied one motion, and granted one motion in part. (*See* Order at 1, ECF No. 130.) The Court granted Plaintiff leave to file a Seventh Amended Complaint (*id.* at 2), which Plaintiff filed on October 16, 2017 (*see* 7th Am. Compl.).

In Plaintiff's Seventh Amended Complaint, she alleges that, while she was working in Caracas, her supervisors discriminated against her because she was an "older woman" and because her visa refusal rate was lower than the refusal rates of her younger, male colleagues. (*Id.* ¶¶ 89–90, 107.) Plaintiff claims that her supervisors discriminatorily issued unfavorable reviews in her employee evaluation reports (*id.* ¶ 153), which, in turn, limited her later

2

assignments and tainted her tenure review (*id.* ¶¶ 155, 233). On February 26, 2016, Plaintiff was denied tenure by the Commissioning and Tenure Board ("CTB"). (*Id.* ¶ 71.) In Count 4 of the Seventh Amended Complaint, Plaintiff attributes her denial of tenure to negative performance reviews from her Embassy Caracas assignment (*id.* ¶ 225); the retaliatory and discriminatory denial of her opportunity to serve as a backup consular officer at the United States Embassy in Malabo, Equatorial Guinea (*id.* ¶¶ 224, 233–37); and alleged unfavorable communications from the State Department's mediation representative to the Bureau of Consular Affairs in retaliation of Plaintiff's pending mediation and litigation with Defendant State Department (*id.* ¶¶ 217–24). Plaintiff also alleges that, as a result of Defendant State Department's denial of the backup consular officer position, she became wary of continuing to participate in mediation for fear of further retaliation. (*Id.* ¶ 226–29.)

On April 27, 2018, the Court dismissed Counts 1–4 and 7 of Plaintiff's Seventh Amended Complaint. (*See* Dismissal Order at 1, ECF No. 149.) In the section of its Opinion addressing Count 4, the Court stated:

> It is plausible that special employment opportunities have a positive reflection on the employee in a review process such as the CTB, and thus denial could likewise reflect poorly. Plaintiff, however, does not provide any information as to the duties and responsibilities of or selection process for a backup consular officer in order to assess the effect of the denial on her employment record. Therefore, Count 4 must be dismissed for Plaintiff's failure to plead both discrimination and retaliation.

(Dismissal Op. at 18.) Because "it is neither the Court's responsibility nor obligation to assume and speculate facts in support of Plaintiff's claims," the Court dismissed Count 4. (*Id.* at 17–18 (citing *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. 2013)). On April 2, 2019, Plaintiff filed another motion for leave to amend the Complaint (ECF No. 175), which the Court denied (ECF No. 194).

Plaintiff filed the present Motion for Partial Reconsideration and for Leave to Amend Based on Newly Discovered Evidence on July 26, 2019. (ECF No. 217.) Defendants opposed on August 7, 2019 (ECF No. 222), and Plaintiff replied on August 12, 2019 (ECF No. 223). The Motion is presently before the Court.

## LEGAL STANDARDS

### I. Motion for Reconsideration

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.3,[2] a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). "Such motions are not substitutes for appeals, and are not to be used as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Cabrita Point Dev., Inc. v. Evans*, 2009 WL 3245202, at *2 (D.V.I. Sept. 30, 2009) (internal quotation marks omitted) (citing *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)). Rather, "reconsideration is an 'extraordinary' remedy." *Bostic*, 312 F. Supp. 2d at 733. A motion for reconsideration "should only be granted where such facts or legal authority were indeed presented but overlooked." *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *1 (D.N.J. Aug. 1, 2012) (citations omitted); *see also Rico v. Christopher*, 2016 WL 7155747, at *2 n.1 (D.V.I. Dec. 7, 2016) (citing *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (internal quotation marks omitted) ("[M]anifest injustice [g]enerally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to

---

[2] Formerly, Local Rule 7.4.

it.")).

**II.     Motion for Leave to Amend**

After amending as of right, a plaintiff may further amend its pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). The court should freely grant leave to amend when justice so requires. *Id.* The district court may exercise its discretion to deny leave to amend a complaint, but it must provide a reason for doing so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## DISCUSSION

**I.     Motion for Partial Reconsideration**

Following this Court's dismissal of Count 4 of Plaintiff's Seventh Amended Complaint, Plaintiff now seeks to revive Count 4 by requesting that the Court reconsider its dismissal in light of "newly discovered evidence." (Pl.'s Mot. at 2.) Plaintiff submits to the Court excerpts of transcripts of three depositions—all taken in June 2019—describing in general terms the responsibilities of a backup consular officer. The first is an excerpt from the Bureau of Consular Affairs Executive Director, who noted that "[t]he backup consular officer provides the wide array of consular services in the absence of the assigned consular officer" and that the role involves "serious nationality decisions." (Ames Dep. 72:1–3, 5–8, Ex. 1, ECF No. 217-1.) The second is an excerpt from the Principal Deputy Assistant Secretary of the Bureau of Consular Affairs describing the similarities between the backup consular officer position and the consular officer position. (*See* Donahue Dep. 26:4–19, Ex. 2, ECF No. 217-2.) The third, an excerpt from

5

a Foreign Service Officer who served as a backup consular officer, states that a backup consular officer's job responsibilities include "doing visa interviews, doing American Citizen Services, managing her two employees, doing notaries, that kind of thing." (Lamm Dep. 38:1–3, Ex. 3, ECF No. 217-3.) Plaintiff also submits a copy of her travel orders, dated August 25, 2014, to demonstrate that she was initially selected to serve as backup consular officer at Embassy Malabo. (*See* Travel Orders, Ex. 4, ECF No. 217-4; Pl.'s Mot. at 3.)

New evidence can form the basis for a court's reconsideration of a judgment or order. *See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café* ex rel. *Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). However, "[t]he Third Circuit has made it clear that 'new evidence,' for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Soly v. Warlick*, 2014 WL 1316152, at *6 (D.V.I. Mar. 31, 2014) (citing *Howard Hess*, 602 F.3d at 252); *see also United States* ex rel. *Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (determining that a supplemental declaration to plead additional facts that the district court found lacking in the plaintiff's complaint was not "new evidence" because it was available before the court's dismissal).

In the present case, there is no reason to suggest that the information that Plaintiff now submits to the Court was unavailable before the Court's dismissal of Count 4 of the Seventh Amended Complaint. Plaintiff's travel orders are dated August 25, 2014—more than three years before she filed her Seventh Amended Complaint. (*See* Travel Orders at 1.) And the fact that Plaintiff had not taken the depositions before the Court's dismissal is not a persuasive reason for

the Court to characterize this evidence as "new," when the information revealed by the depositions was readily accessible to Plaintiff at that time. *Cf. Cabrita Point Dev., Inc. v. Evans*, 2009 WL 3245202, at *5 (D.V.I. Sept. 30, 2009) (ruling that an affidavit could not be submitted as "newly discovered evidence" where the person completing the affidavit did not provide a sufficient explanation of his unavailability during the months leading to the court's summary judgment ruling). Plaintiff had served as a consular officer (*see* 7th Am. Compl. ¶ 62), so she either knew details about the duties of a backup consular officer or could have readily learned about them prior to the Court's dismissal of Count 4.

The Third Circuit's opinion in *Durst v. Durst*, 663 F. App'x 231 (3d Cir. 2016), is instructive here. The plaintiffs in *Durst*, seeking reconsideration of an unfavorable summary judgment ruling, sought to introduce depositions as "newly discovered evidence." *Id.* at 237. The Third Circuit reasoned that because the plaintiffs "offer[ed] no explanation for the [over two-year] delay in taking these depositions that forced this testimony to become 'newly discovered' after . . . four challenged motions were decided," the district court did not abuse its discretion in denying the plaintiffs' motion for reconsideration. *Id.* In the case at bar, as in *Durst*, although Plaintiff's depositions were taken well over one year after the Court dismissed Plaintiff's claims, the information in Plaintiff's depositions cannot be considered "newly discovered" when the evidence could only be characterized as "new" because of Plaintiff's delays.

Even if the depositions submitted by Plaintiff were to constitute "new evidence," Plaintiff's Motion for Partial Reconsideration is untimely. Under Local Civil Rule 7.3, motions for reconsideration must be filed within fourteen days of the court's decision. *See* LRCi 7.3; *MRL Dev. I, LLC v. Whitecap Inv. Corp.*, 2018 WL 1512995, at *2 (D.V.I. Mar. 27, 2018). "Extensions will only be granted for good cause shown." LRCi 7.3. The Court dismissed Count 4

of the Seventh Amended Complaint on April 27, 2018. (*See* Dismissal Order at 1.) Plaintiff filed her Motion for Partial Reconsideration over one year later on July 26, 2019. (*See* Pl.'s Mot. at 5.) Plaintiff has failed to present any good cause warranting an extension of over one year to submit evidence to the Court that could have been provided in support of her claims at an earlier time. For the foregoing reasons, Plaintiff's Motion for Partial Reconsideration is denied.

## II.     Motion for Leave to Amend

Because Plaintiff has already amended her pleadings as a matter of course, it is within the Court's discretion to deny her subsequent motions for leave to amend. *See* Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182. Generally, courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Despite the general prescription that courts should freely grant leave to amend, "the District Courts will presumably say no, for example, in the face of unjustifiable delay or threatened prejudice." *Kiskidee, LLC v. Certain Interested Underwriters at Lloyd's of London Subscribing to Policy No. NB043060b*, 2012 WL 4840716, at *4 (D.V.I. Oct. 10, 2012) (citing *Mayle v. Felix*, 545 U.S. 644, 665–66 (2005)). "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993). "In the absence of substantial or undue prejudice to the non-moving party . . . denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, [or] repeated failures to cure the deficiency by amendments previously allowed." *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 2017 WL 2462824, at *5 (D.V.I. June 7, 2017) (quoting *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004)).

Granting Plaintiff leave to amend in the present case would substantially prejudice

Defendants. "[M]otions to amend following the filing of a motion of summary judgment . . . are 'heavily disfavored.'" *Whitecap Inv. Corp. v. Putnam Lumber & Export Co.*, 2013 WL 1917887, at *2 (D.V.I. May 9, 2013) (quoting *Ali v. Intertek Testing Servs.*, 332 F. Supp. 2d 827, 830 (D.V.I. 2004)). In such instances, the moving party must "show not only that the proposed amendment has 'substantial merit,'" but also offer "'substantial and convincing evidence' supporting the newly asserted claim." *Id.* (quoting *Ali*, 332 F. Supp. 2d at 830). While Plaintiff filed the present Motion on July 26, 2019—five days before Defendants filed a motion for summary judgment in accordance with the deadline for dispositive motions established by this Court (*see* Defs.' Mot. Summ. J., ECF No. 218; Scheduling Order at 2, ECF No. 196)—granting Plaintiff's Motion would still "place[] the defendant in the position of having to amend its motion for summary judgment or file another motion for summary judgment, creat[ing] additional motion practice that [would] place[] an 'undue burden on the Court and . . . prejudice[] the defendant,'" *Ali*, 332 F. Supp. 2d at 829–30 (quoting *Duffy v. Charles Schwab & Co., Inc.*, 2001 WL 1104689, at *2 (D.N.J. Sept. 4, 2001)).

Discovery in this case is now closed. (*See* Scheduling Order at 2 (establishing June 30, 2019, as the deadline for "[a]ll fact discovery, including depositions . . .").) While Rule 15 of the Federal Rules of Civil Procedure "does not establish a time restriction for amending a complaint," courts also consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Ali*, 332 F. Supp. 2d at 829 (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). Granting Plaintiff leave to amend would require Defendants to engage in additional discovery to defend against the facts that Plaintiffs now introduce. Consequently, granting Plaintiff leave to amend would unfairly prejudice Defendants.

9

Plaintiff's Motion for Leave to Amend is also unduly delayed. "The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court . . . ." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (citations omitted). To "determin[e] whether delay is undue, the Court considers the reasons of the movant for not seeking the amendment earlier." *Ali*, 332 F. Supp. 2d at 829 (citing *Adams*, 739 F.2d at 868). Courts also consider "repeated failures to cure the deficiency by amendments previously allowed." *Spartan Concrete*, 2017 WL 2462824, at *5 (citing *Barnhart*, 395 F.3d at 166).

In the more than five years from the time Plaintiff filed the initial Complaint in this case to the time Defendants filed their Motion for Summary Judgment, Plaintiff failed to allege basic information about the backup consular position that she now submits to the Court. Prior to filing the current Motion, Plaintiff amended the Complaint once as of right and filed motions for leave to amend seven times. (*See* ECF Nos. 21, 46, 53, 98, 103, 109, 145, 175.) Even if, as Plaintiff argues, she had first learned of her pleading deficiency from the Court's partial dismissal of her Seventh Amended Complaint (*see* Pl.'s Rep. at 2, ECF No. 223), the Court dismissed Count 4 over one year ago (*see* Dismissal Order at 1). Before filing the current Motion, Plaintiff had already filed a motion for leave to amend the Complaint months after the Court dismissed Count 4. (ECF No. 175.) Plaintiff has not provided an explanation for her delay in seeking the Court's leave to amend the Complaint again. Plaintiff's undue delay provides an additional reason to deny Plaintiff's Motion for Leave to Amend.

Separately, it is also not clear that granting Plaintiff's Motion for Leave to Amend would enable her to state a plausible claim in Count 4 by incorporating her recently submitted evidence. Courts have discretion to deny motions to amend when amending the complaint would be futile.

10

*See Foman v. Davis*, 371 U.S. at 182; *Grayson*, 293 F.3d at 108. The initial deficiency of Plaintiff's Seventh Amended Complaint was not simply that Plaintiff did not provide *any* information regarding the responsibilities of or selection process for a backup consular officer. The initial deficiency was that she did not provide any information that could plausibly suggest that her denial of the backup consular position affected her later employment, or that the role was a "special employment opportunit[y] [that might] have a positive reflection on the employee in a review process such as the CTB." (Dismissal Op. at 18.) Only twice—and only briefly in each instance—do the exhibits that Plaintiff submits to the Court point to responsibilities of the backup consular officer role that might underscore the role's import. (*See* Ames Dep. 72:5–8 (stating that the role includes "serious nationality decisions"); Donahue Dep. 26:17–19 (stating that a backup consular officer must have a consular's rank).) Additionally, Plaintiff has yet to provide any information regarding the selection process for a backup consular officer. In any case, given the substantial prejudice to Defendants that would result from granting Plaintiff leave to amend, in addition to the undue delay with which Plaintiff has sought leave to amend, the Court need not decide whether it would be futile for Plaintiff to incorporate these facts into the operative complaint. Prejudice to Defendants and undue delay make leave to amend unwarranted.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion is denied. An appropriate Order will follow.

Date: 9/23/19

ANNE E. THOMPSON, U.S.D.J.